## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM JOSEPH DODD, | * |
| Plaintiff, | * |
| v. | *    Civil Action No. ELH-20-2868 |
| EASTERN CORRECTIONAL INSTITUTION, | * |
| | * |
| Defendant. | |

***

### MEMORANDUM

Plaintiff William Dodd is a Maryland prisoner at the Eastern Correctional Institution. ECF 7 at 3. He is a frequent litigator in this Court.[1]

By Order of October 21, 2020 (ECF 3), I directed Dodd, who is self-represented, to amend his Complaint. Dodd was informed that the Complaint does not name a defendant subject to suit in a prisoner civil rights proceeding under 42 U.S.C. § 1983. *Id.* Then, on December 7, 2020, I extended until December 31, 2020, the time for Dodd to amend the Complaint, and granted his motion to proceed in forma pauperis. ECF 5.

In particular, I ordered Dodd to amend the Complaint to identify by name the individuals he claims acted unlawfully, describe their actions, provide the dates and places where the alleged wrongdoings occurred, and what harm each defendant caused him. ECF 3. Additionally, I ordered

---

[1] *See*, *e.g.*, *Dodd v Clerk of Court*, ELH-20-46 (D. Md. January 28, 2020) (dismissed for failure to state a claim); *Dodd v. Warden*, ELH-19-3015 (D. Md. December 3, 2019) (dismissed without prejudice); *Dodd v. Warden*, ELH-17-717 (D. Md. May 26, 2017) (dismissed without prejudice); *Dodd v. Copeland*, ELH-16-2449 (D. Md. August 3, 2016) (dismissed without prejudice); *Dodd v. Warden*, ELH-16-2221 (D. Md. August 3, 2016) (dismissed without prejudice); *Dodd v. Dovey*, ELH-15-1684 (D. Md. June 15, 2015) (dismissed for failure to state a claim); *Dodd v. Warden*, ELH-14-3677 (D. Md. February 13, 2015) (granting defendants' motion for summary judgment).

Dodd to provide the names of the officers who allegedly assaulted, harassed, and prevented him from getting his flu, hepatitis C, smallpox, and whooping cough vaccines. *Id.* And, the Clerk mailed a blank Complaint form to Dodd to assist him in providing this information. *Id.*

On December 7, 2020, Dodd submitted an eleven-page handwritten letter addressed to the Clerk of Court. ECF 6. Thereafter, on December 17, 2020, Dodd submitted correspondence, along with a motion to proceed in forma pauperis, using a form with the letterhead of the Maryland State Judiciary. ECF 7.

Dodd's submission of December 7, 2020, is rambling and incomprehensible. It contains terms such as sexual assault, extortion, harassment, substance abuse, social security income, embezzlement, blackmail, and food trafficking, without context, facts, or identification of the persons responsible for the alleged unlawful conduct. ECF 6 at 1, 5, 6  Dodd also requests habeas relief and asserts that he received ineffective assistance of counsel. *Id.* at 8.

In Dodd's correspondence filed on December 17, 2020 (ECF 7), Dodd names several officers and states, in part, *id.* at 3:

> In requesting for waiver in prepaid costs Md. Rule 1325 in the Matters of Complaints defendant CO Officer Sam admin seg co officer Lt. Jones, of officers Ms. English Fishers co officer Ms. Seg long case management staffing sterling case management – I report statement of a crime for charging for arrest charg [sic] set befor [sic] civil action court docket date….

Dodd's submissions do not provide the information that he was directed to provide. In particular, he has not identified the persons involved in the matters alleged in the Complaint, nor has he provided enough information for a defendant to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a district judge has a duty to construe liberally the filings of a self-represented litigant, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not

require courts to conjure up questions never squarely presented). Even when the filings here are liberally construed, they provide insufficient information to state a plausible claim for relief.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" may be dismissed. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Reciting different causes of action or names of individuals without any supporting facts or attributing such actions to specific actors, as is the situation here, fails to meet the Rule 8 pleading standard and fails to state a claim.

Dodd was cautioned that his right to pursue relief in federal court at public expense will be curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). *See* ECF 3. Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish that he "is under imminent danger of serious physical injury." Dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the statute. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. But, this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

An Order follows.


Date:  January 5, 2021                               /s/
                                         Ellen L. Hollander
                                         United States District Judge